## Charles Laron HACKNEY *v.* STATE of Arkansas

CR 73-24  493 S.W. 2d 142

### Opinion delivered April 23, 1973

*James M. Simpson,* for appellant.

*Jim Guy Tucker,* Atty. Gen., by: *Gene O'Daniel,* Asst. Atty. Gen., for appellee.

Lyle Brown, Justice. In this Rule I procedure appellant sought to set aside a verdict of guilty on the ground that one of the jurors had a pre-conceived opinion of appellant's guilt and failed to divulge it to the court on voir dire. From the testimony of two affiants for appellant and the testimony of the juror introduced by the State, the trial court denied relief and hence this appeal.

The first witness for appellant was William Russworm, a former schoolmate of appellant. The witness said he worked with Charles Ray Nobles, one of the jurors in appellant's case; that witness heard the juror make the statement that he thought appellant was "guilty of shooting the man"; and that the statement was made before the trial. The witness admitted on cross-examination that he was a good friend of appellant and "I would like to help him if I could".

Appellant's other witness was Edward Via, who testified that he worked with Mr. Nobles at International Paper Company. The witness said he and juror Nobles discussed the homicide on several occasions up until the

time of trial. The sum total of his testimony was that Nobles said he thought the appellant was guilty and that appellant had tried to establish an alibi. The witness also testified that he was a good friend of appellant and would like to help him.

Juror Nobles related that the two witnesses for Hackney had worked on the juror's shift at the paper company and that he had known them for several years. He said he read about the Hackney homicide in the paper and heard about it over the radio. He was not certain that it had been, or not been, a subject of conversation during work recesses at the mill. On three occasions in his testimony he said he did not recall having made the statements attributed to him by appellant's witnesses; on two other occasions he categorically denied having made a statement concerning appellant's guilt. The juror stated that he entered the jury box with a free and open mind and based his judgment of guilty on the evidence produced at the trial.

We have before us the single issue of credibility. The trial court elected to believe the testimony of the juror when he said he made no pre-trial statements and we certainly cannot say the court's judgment was misplaced.

Affirmed.